IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00699-PAB

RANDLE CAMERON,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
an Illinois insurance company,
AMERICAN ZURICH INSURANCE COMPANY,
an Illinois insurance company,
ZURICH AMERICAN INSURANCE COMPANY,
a New York corporation,
ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,
an Illinois insurance company,
ZURICH SPECIALITIES LONDON LIMITED,
a New York insurance company,
STEADFAST INSURANCE COMPANY,
AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY,
a New York company, and
John Does 1 through 50, consisting of currently unknown "Names" of Zurich or related insurance companies, a class of similarly situated defendants and concerning Jackie Harding,

    Defendants.

_____

**ORDER REMANDING CASE TO STATE COURT**
_____

This state-law insurance case is before the Court on review of defendant State Farm Mutual Automobile Insurance Co.'s notice of removal, which claims that the Court has subject-matter jurisdiction based on diversity of citizenship and an amount in controversy in excess of $75,000 as required by 28 U.S.C. § 1332(a). *See* Notice of Removal [Docket No. 1] ¶ 10.

In every case and at every stage of a proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Generally, a party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2006). Relevant to the present case, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. 1332(a) (2006).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Therefore, when a defendant removes a case from state court asserting the existence of diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand. *Martin*, 251 F.3d at 1290; *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption against removal jurisdiction.").

If at any time, "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Where a case has been removed

2

from state court and a court determines any time prior to final judgment that jurisdiction is lacking, 28 U.S.C. § 1447(c) mandates that the case be remanded to state court. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

"Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin*, 50 F.3d at 873. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin*, 251 F.3d at 1290 (quoting *Laughlin*, 50 F.3d at 873). When the plaintiff's damages are unspecified, the defendant must establish the jurisdictional amount by at least a preponderance of the evidence. *Martin*, 251 F.3d at 1290.

A review of the amended complaint in this case reveals the following facts relative to the amount in controversy. The case implicates several insurance policies with a combined coverage limit in excess of one million dollars. The amended complaint does not indicate the total amount of coverage being sought, however. *See* Notice of Removal, attach. 3 (Amended Compl. & Jury Demand) [Docket No. 1-3]. Instead, the only concrete figure in the amended complaint is a statement explaining that plaintiff is seeking compensation for his injuries that were not otherwise covered under another insurer's $25,000 policy limit.

State Farm's notice of removal does not shed much additional light on the amount at issue. State Farm first cites to plaintiff's District Court Civil Case Cover Sheet on which plaintiff checked the box indicating that he was "seeking a monetary judgment for more than $100,000 against another party . . . ." *See* Notice of Removal ¶

12 & ex. A.  State Farm then offers the following description of the amount in controversy:

> The allegations set forth in the Complaint further demonstrate that the amount in controversy exceeds the jurisdictional threshold.  The present action arises out of an automobile accident which allegedly occurred between Plaintiff who was driving a school bus owned by Academy School District 20 and the alleged tortfeasor, Jacqueline Harding, on or about April 4, 2007, at approximately 3:40 p.m.  Plaintiff seeks damages in an amount which is undetermined at the time of the filing of the Complaint, for physical and emotional pain, medical expenses, loss of income, impairment of his future earning capacity, financial worry and distress, loss of enjoyment of life, impairment of the quality of his life, permanent injuries, and economic damages.

Notice of Removal [Docket No. 1] ¶ 13.  According to State Farm, "[w]hen Plaintiff's claims are considered together, as this Court must do, and in light of the admission set forth in his District Court Civil Case Cover Sheet, the preponderance of the evidence demonstrates that the amount in controversy exceeds the $75,000 jurisdictional threshold."  Notice of Removal ¶ 13.

State Farm admits that "Plaintiff seeks damages in an amount which is undetermined at the time of the filing of the Complaint."  Notice of Removal ¶ 13.  Therefore, because the amount in controversy does not appear on the face of plaintiff's complaint or amended complaint, State Farm bears the burden of establishing that amount by at least a preponderance of the evidence.  *See Martin*, 251 F.3d at 1290.  State Farm has failed to meet this burden.  Most of State Farm's statements are either impermissibly conclusory, *see, e.g.*, Notice of Removal ¶¶ 10, 13; *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (removal cannot be based on conclusory allegations), or represent conjecture rather than "evidence," *see* Notice of Removal ¶ 13.  The only actual evidence presented is the State District Court Civil

4

Cover Sheet.  However, it is well established in this District that these forms, by themselves, do not affirmatively establish the amount in controversy.  *See, e.g.*, *Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1214 (D. Colo. 2007).

State Farm's notice of removal also has defects with respect to the citizenship of the parties.  Section § 1332(a) requires "complete diversity," that is, no plaintiff may be the citizen of a state of which any defendant is also a citizen.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).  Here, State Farm's averments regarding the citizenship of the parties is incomplete.  For example, the notice of removal states that plaintiff "is a resident of El Paso County, Colorado."  Notice of Removal ¶ 3.  Residency, however, is not equivalent to citizenship.  "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile.  To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006) (internal citation omitted).  State Farm fails to make an averment in this regard.

The notice of removal also fails to properly account for the citizenship of all the corporate defendants.  For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (2006); *Hertz Corp. v. Friend*, --- U.S. ----, 130 S. Ct. 1181 (2010).  A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's

5

activities" – what is referred to often as the corporation's "nerve center." *Hertz Corp.*, 130 S. Ct. at 1192.

For two of the defendants in this case, State Farm offers the state of incorporation and states simply that they have "no principal place of business in the State of Colorado." *See* Notice of Removal ¶¶ 5-6. However, a removing defendant must "affirmatively establish" jurisdictional facts, *Martin*, 251 F.3d at 1290; it may not invoke this Court's jurisdiction by negative inference. More problematic is the fact that State Farm's averments regarding two of the named corporate defendants fail to allege any principal place of business whatsoever. *See* Notice of Removal ¶¶ 7-8. Therefore, although it is its duty to do so, State Farm has failed to meet its burden in sufficiently establishing an adequate amount in controversy or the complete diversity of the parties.[1]

Therefore, it is

**ORDERED** that pursuant to 28 U.S.C. § 1447(c) and due to this Court's lack of subject-matter jurisdiction, this case is REMANDED to the District Court for El Paso County, Colorado, where it was originally filed as Case No. 10CV1706.

---

[1] The notice of removal is also procedurally defective on its face, noting that one defendant, American Guarantee and Liability Insurance Company, has not consented to the removal. *See* Notice of Removal at 2. However, there must be unanimous consent to removal by all defendants who have been served in the case. *See Cornwall v. Robinson*, 654 F.2d 685, 686, (10th Cir. 1981); *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996).

DATED April 2, 2010.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge